UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Luciana Johnson,<br>　　　Plaintiff,<br><br>　　v.<br><br>PTI Quality Containment Solutions, LLC<br>and Brann Enterprises, Inc. d/b/a<br>Staffworks Group,<br>　　　Defendants. | CASE NO.: _____<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of sexual harassment and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from the EEOC on or about March 12, 2026.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Luciana Johnson, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Berkeley State of South Carolina.

5. The Defendant, PTI Quality Containment Solutions, LLC (Defendant PTI), is upon information and belief, a foreign corporation organized in the State of Michigan and operating under the laws of the State of South Carolina.

6.   The Defendant, Brann Enterprises, Inc. d/b/a Staffworks Group (Defendant Staffworks), is upon information and belief, a foreign corporation organized in the State of Michigan and operating under the laws of the State of South Carolina.

7.   Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.   Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant Staffworks employed the Plaintiff providing pay, benefits, leave, supervision, Human Resources Support, and having the ability to terminate the Plaintiff.  Defendant PTI also employed the Plaintiff as a "joint employer" providing direct supervision of the Plaintiff, training on how to perform her job functions, providing all tools and machinery necessary to perform her job functions, and having the ability to effectuate the termination of the Plaintiff.

11. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. On or about July 6, 2022, Plaintiff was placed at Defendant PTI as a temporary employee by Defendant Staffworks. At all times, Plaintiff was effective and efficient in her employment.

13. During Plaintiff's employment, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by one of Defendant PTI's employees, Andrew Ross, Plaintiff's Supervisor.

14. Mr. Ross would constantly grab Plaintiff's butt and breasts, as well as request to have a sexual relationship with Plaintiff and direct vulgar, sexual innuendos towards Plaintiff. Plaintiff would repeatedly turn down Andrew Ross and request him to stop.

15. Mr. Ross would make comments about Plaintiff being his work wife.  The Plaintiff would repeatedly ask him to stop.

16. The Plaintiff reported the sexual harassment by Mr. Ross to Human Resources Manager, Amanda Gibson, but nothing was done.

17. After the complaints, Plaintiff was forced to continue to work with Mr. Ross wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

18. The Plaintiff then requested to avoid being stationed near Mr. Ross, and Plaintiff was denied that request and stationed to train 5 hours on the line in close contact with Mr. Ross.

19. Mr. Ross continued to sexually harass the Plaintiff while she was working the line, but grabbing her butt and rubbing her legs. The Plaintiff again reported the harassment to Ms. Gibson, and on or about March 10, 2025, Plaintiff was terminated, due to her reports of sexual harassment.

20. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

21. Despite her reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for Mr. Ross's inappropriate behavior upon her.

22. That the unjust disciplinary actions and termination of Plaintiff with Defendants was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Mr. Ross including sexual harassment.

23. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

24. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**FOR A FIRST CAUSE OF ACTION**
**Sexual Harassment - Title VII of the Civil Rights Act of 1964**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. Defendants as Plaintiff and Andrew Ross's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b. In continually allowing Mr. Ross to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

    c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

27. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered injuries, both physically and mentally.

28. As a direct and proximate result of the acts and practices of Defendants in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

### FOR A SECOND CAUSE OF ACTION
**Retaliation**

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.  Upon reporting the detrimental treatment and discrimination based on reporting the sexual harassment, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

31. That the aforesaid conduct of Defendants, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

33. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

34. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

### REQUEST FOR RELIEF

35. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

37. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Jarrel L. Wigger*

Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 28, 2026